**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shane P. May, | No. CV-25-0232-TUC-EJM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION**[1] |
| CODAC Behavioral Health Services, *et al.*, | |
| Defendants. | |

On May 16, 2025, Plaintiff Shane P. May filed a *pro se* Complaint (Doc. 1). Plaintiff did not immediately pay the $402.00 civil action filing fee but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 2).

## I.     APPLICATION TO PROCEED IN FORMA PAUPERIS

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff is without sufficient earned income and has no assets. The Court finds Plaintiff is unable to pay the fees. The Application to Proceed in District Court Without Prepaying Fees or Costs

---

[1] A Magistrate Judge shall prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott for cases where the status of election by parties is incomplete. General Order No. 21-25. Accordingly, this Report and Recommendation is directed to the Honorable Raner C. Collins.

(Doc. 2) will be granted.

## II.   STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P.  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514 (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, 574 U.S. 10, 11 (2014) ("Federal pleading

rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III. PLAINTIFF'S COMPLAINT

Plaintiff's Complaint (Doc. 1) names several defendants and he checked the box to indicate the Court's jurisdiction is based on a federal question. Plaintiff has failed, however, to provide any facts or cite to any laws that would provide the basis for this lawsuit. The complete absence of information regarding any possible claim makes it impossible for this Court to understand why Plaintiff believes he was wronged. Accordingly, the Court will dismiss Plaintiff's Complaint with leave to amend.

### IV. CONCLUSION

As noted, *supra*, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, the Court directs this Report and Recommendation to the Honorable Raner C. Collins.

For the reasons delineated above, the Magistrate Judge RECOMMENDS that the District Judge enter an order:

(1) GRANTING Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2); and

(2) DISMISSING Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction and a failure to state a claim and direct Plaintiff to file an Amended Complaint within thirty (30) days of the District Judge's ruling.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from Judge Collins.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 22nd day of July, 2025.

_____
Eric J. Markovich
United States Magistrate Judge